ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EDUARDO J. RODRÍGUEZ LEÓN<br><br>Recurrente<br><br>v.<br><br>JUNTA DE DIRECTORES DE LA COOPERATIVA DE AHORRO Y CRÉDITO LA PUERTORRIQUEÑA<br><br>Recurridos | KLRA202400629 | *Revisión Administrativa* procedente de la Corporación pública para la Supervisión y Seguro de Cooperativas de Puerto Rico (COSSEC)<br><br>Caso núm.: Q-22-241-012<br><br><br><br>Sobre:<br>Cumplimiento educación continua |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de diciembre de 2024.

Comparece el señor Eduardo J. Rodríguez León (Sr. Rodríguez León; recurrente) ante este foro intermedio y recurre de la *Resolución* emitida por la Corporación Pública para la Supervisión y Seguro de Cooperativas de Puerto Rico (COSSEC; recurrida) la cual declaró No Ha Lugar la *Querella* instada por el recurrente y, a su vez, ordenó su cierre y archivo.

Adelantamos que, por los motivos que expondremos a continuación, desestimamos el presente recurso por falta de jurisdicción por haberse tornado académica la controversia entre las partes.

**I**

El 12 de diciembre de 2021, el Sr. Rodríguez León fue electo como Director de la Junta de Directores de la Cooperativa de Ahorro y Crédito La Puertorriqueña (Cooperativa) en la celebración de una Asamblea General.[1] Como parte de los requisitos de dicho cargo, el cual ostentaría por un término de tres (3) años consecutivos, la *Ley de Sociedades Cooperativas de Ahorro y Crédito de 2002* requiere a todos los miembros de los cuerpos

---
[1] Apéndice del recurso. pág. 2.

directivos de una cooperativa que "tomen y aprueben los cursos de capacitación avalados por la Corporación durante el primer año de su nombramiento y cumplan subsiguientemente con las exigencias del programa de educación continuada que por reglamento adopte la Corporación". 7 LPRA sec. 1365d. Es decir, el recurrente tenía hasta el 12 de diciembre de 2022 para cumplir con el mencionado requisito estatutario. Transcurridos unos meses, el 12 de septiembre de 2022, la Secretaria de Cuerpos Directivos de la Cooperativa notificó a la Liga de Cooperativas de Puerto Rico (Liga) que el Sr. Rodríguez León interesaba completar los cursos de capacitación que le hacían falta en vista de que se acercaba la celebración de la Asamblea Anual de la Cooperativa pautada para el mes de octubre de 2022.[2] Al día siguiente, 13 de septiembre de 2022, la Liga contestó sobre lo solicitado e informó lo siguiente:

> En lo que es el Curso Básico, **no tenemos forma de reponer los cursos**. El curso lo volveremos a repetir(*sic*) para enero 2023 hasta marzo 2023, con opciones para tomarlo los s[á]bados o en la semana durante las tardes/noches.
>
> **A finales de septiembre estaremos comenzando con el envío de las certificaciones a las cooperativas para los directores que no completaron sus horas de educación continua sepan cuales cursos deben tomar para enero-marzo 2023**.
>
> **Con la certificación pueden intentar pedir una extensión a COSSEC para completar las horas**. (Énfasis nuestro.)[3]

El **6 de octubre de 2022, el Centro Nacional de Servicios Educativos de la Liga de Cooperativas de Puerto Rico emitió las certificaciones de educación continua** donde **constató que hasta esa fecha, el recurrente había completado veintiocho (28) horas del Curso Básico y le faltaba completar dos (2) horas en el tema de Ética Cooperativa**.[4] Ante lo notificado, los representantes de la Cooperativa consultaron con COSSEC acerca de las consecuencias y efectos de que miembros de los cuerpos directivos no cumplan con las treinta (30) horas requeridas por Ley, ya que estarían llevando a cabo su Asamblea General

---

[2] Apéndice del recurso, pág. 9.
[3] Apéndice del *Alegato en Oposición a Solicitud de Revisión Judicial* (Alegato), pág. 5.
[4] Apéndice del Alegato, pág. 12.

el 16 de octubre de 2022.[5] Atendida la consulta, COSSEC comunicó que a base del derecho vigente, "aquellos miembros que no cumplan con el requisito de la totalidad de las horas de educación continuada estarán impedidos de ser miembros de los cuerpos directivos de la Cooperativa, teniendo como consecuencia, que el cargo que ocupa será declarado vacante, sin que resulte para ello necesario llevar a cabo un proceso de expulsión". Luego de advenida en conocimiento la respuesta de COSSEC, el 14 de octubre de 2022 el Sr. Rodríguez León recibió una llamada del Presidente de la Junta de Directores, el señor José Chico Vega, en la cual este le notificó al recurrente que su puesto de Director quedó disponible por motivo de que incumplió con las treinta (30) horas en total de educación continua que exige la Ley.[6]

Como corolario de lo anterior, el recurrente presentó una *Querella* ante COSSEC el 18 de octubre de 2022 donde impugnó la vacante de su cargo.[7] En su reclamación arguyó que la determinación de vacante por la Junta de Directores de la Cooperativa era arbitraria, *ultra vires* e ilegal por no regirse por los procedimientos estatutarios y por entender que aún le quedaba tiempo para cumplir con las treinta (30) horas compulsorias de capacitación.[8] Por consiguiente, alegó que había coordinado con un proveedor autorizado por COSSEC para tomar un curso bajo el tema de Ética Cooperativa en el mes de noviembre de 2022. Ante lo esbozado, solicitó a la agencia que emitiera una orden de cese y desista con carácter sumario para la determinación de la Junta de Directores que declaró vacante su puesto como Director. Además, instó a COSSEC que asignara un Oficial Examinador para que atendiera la controversia que planteó en su *Querella*.[9]

Luego de contestada la *Querella*, el recurrente solicitó que la controversia se resolviera sumariamente y de nuevo requirió una orden de

---

[5] Apéndice del Alegato, págs. 13-14.
[6] Apéndice del recurso, págs. 2-3.
[7] Apéndice del recurso, págs. 109-123.
[8] Apéndice del recurso, pág. 110.
[9] Apéndice del recurso, pág. 111.

cese y desista.[10] Ambas solicitudes fueron declaradas No Ha Lugar por COSSEC mediante *Resolución y Orden* notificada el 21 de noviembre de 2023 y ordenó la celebración de una vista de estatus.[11] Así las cosas, el 23 de julio de 2024, COSSEC emitió su *Resolución* donde aprobó el Informe del Oficial Examinador (Informe) y acogió su recomendación, por lo que declaró No Ha Lugar la *Querella* presentada y decretó su cierre y archivo.[12] **El Oficial Examinador concluyó en su Informe que ante los hechos ante su consideración era forzoso concluir que el Sr. Rodríguez León no cumplió con sus horas requeridas de capacitación dentro del término correspondiente por lo que entendió que actuó correctamente la Junta de Directores al decretar su puesto directivo como vacante**.

Inconforme con la decisión, **el recurrente solicitó revisión el 7 de agosto de 2024 la cual fue declarada No Ha Lugar el 23 de septiembre de 2024**. Por tal motivo, **el 11 de octubre de 2024 sometió entonces una *Solicitud de Reconsideración* la cual fue declarada No Ha Lugar el 22 de octubre de 2024.** Aún inconforme, el Sr. Rodríguez León acude ante nosotras mediante el presente recurso el 12 de noviembre de 2024 y plantea que COSSEC cometió los siguientes señalamientos de error:

> PRIMERO: ERR[Ó] LA JUNTA DE DIRECTORES DE LA COSSEC AL CONCLUIR Y RATIFICAR QUE EL QUERELLANTE NO HABÍA CUMPLIDO CON EL ARTÍCULO 5.05(K) AL NO TOMAR LAS 30 HORAS CRÉDITOS DURANTE SU PRIMER AÑO DE INCUMBENCIA.
>
> SEGUNDO: ERRÓ LA COSSEC AL RATIFICAR LA VIOLACIÓN DEL DEBIDO PROCESO Y A LOS PRINCIPIOS COOPERATIVOS AL LEGALIZAR CON SU DETERMINACI[Ó]N LA DESTITUCIÓN ARBITRARIA DE UN DIRECTOR ELECTO.
>
> TERCERO: ERRÓ LA COSSEC AL NO REQUERIR QUE PARA CUALQUIER DECLARACI[Ó]N DE VACANTE QUE DECIDIERA LLEVAR A CABO UNA JUNTA DE DIRECTORES DE UNA COOPERATIVA DE AHORRO Y CR[É]DITO SE REQUIERE QUE SE CUMPLA CON EL DEBIDO PROCEDIMIENTO DE LEY PARTICULARMENTE UNA NOTIFICACI[Ó]N ADECUADA DE LOS CARGOS IMPUTADOS.
>
> CUARTO: ERRÓ COSSEC AL AVALAR LA DECISIÓN DE LA JUNTA DE DIRECTORES DE LA QUERELLADA DE

---

[10] Apéndice del recurso, págs. 137-153.
[11] Apéndice del recurso, págs. 232-241.
[12] Apéndice del recurso, pág. 5.

ADELANTAR LA FECHA DE LA ASAMBLEA GENERAL DE LA COOPERATIVA, SIN CONSIDERAR EL PERJUICIO QUE CAUSARÍA SOBRE LOS DERECHOS DEL RECURRENTE. ESE ADELANTO DE ASAMBLEA LIMITÓ INDEBIDAMENTE EL PERÍODO DE UN AÑO QUE DISPONÍA EL RECURRENTE PARA CUMPLIR CON SUS 30 HORAS CRÉDITOS, RESTRINGIENDO ASÍ SU CAPACIDAD DE CUMPLIR CON LOS REQUISITOS ESTABLECIDOS Y VIOLANDO EL PRINCIPIO DE LEGALIDAD.

QUINTO: COSSEC ERR[Ó] AL AVALAR LA DECISI[Ó]N DE LA JUNTA DE DIRECTORES DE LA COOPERATIVA DE ADELANTAR LA FECHA DE LA ASAMBLEA EN PERJUICIO DEL RECURRENTE E INCLUIR LA ELECCI[Ó]N DE UN NUEVO DIRECTOR QUE LE SUSTITUYERA CUANDO DICHO ASUNTO NO ESTABA INCLUÍDO EN LA AGENDA DE LA CONVOCATORIA.

Habiendo comparecido la parte recurrida dentro del término otorgado, el recurso quedó perfeccionado para su adjudicación.

**II**

**A**

La jurisdicción es el poder o autoridad que posee un tribunal para considerar y decidir un caso o controversia. *A.S.G. v. Mun. San Juan*, 168 DPR 337, 343 (2006). Los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción donde no la hay. *García Ramis v. Serrallés,* 171 DPR 250, 254 (2007). Por ello, corresponde a los foros adjudicativos examinar su propia jurisdicción. De este modo, "[u]na vez el tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos". *Szendrey v. F. Castillo Family Properties, Inc.*, 169 DPR 873, 883 (2007). Así pues, ante la falta de jurisdicción, lo único que puede hacer es así declararlo. *González v. Mayagüez*, 176 DPR 848, 856 (2009).

Cónsono con lo antes expuesto, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 83 (C) (Regla 83), le concede a este Tribunal la facultad de desestimar por iniciativa propia un recurso de apelación por los siguientes fundamentos:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) **que el recurso se ha convertido en académico**. (Énfasis nuestro.)

Un caso se torna académico cuando en el mismo se trata de obtener un fallo sobre una controversia inexistente, o una sentencia sobre un asunto el cual, por alguna razón, no podrá tener efectos prácticos. *RBR Const., S.E. v. A.C.*, 149 DPR 836, 846 (1999). Se ha resuelto que "[u]na controversia puede convertirse en académica cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, convirtiéndose así en una opinión consultiva sobre asuntos abstractos de derecho". *P.P.D. v. Gobernador I*, 139 DPR 643, 675-676 (1995). Así pues, la doctrina "requiere que, durante todas las etapas de un procedimiento adversativo, incluso la etapa de apelación o revisión exista una controversia genuina entre las partes". *Pueblo v. Ramos Santos*, 138 DPR 810, 824 (1995).

El propósito principal de la doctrina de academicidad se fundamenta en tres justificaciones: (1) evitar el uso innecesario de los recursos judiciales; (2) asegurar suficiente contienda adversativa sobre las controversias para que sean competentes y vigorosamente presentados ambos lados; y (3) evitar un precedente innecesario. *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 725 (1980). Sin embargo, en nuestro ordenamiento jurídico se han reconocido las siguientes excepciones a la doctrina de academicidad: (1) cuando se plantea una cuestión recurrente que por su naturaleza hace que sea muy difícil dilucidarla nuevamente en los tribunales; (2) cuando la situación de hechos ha sido modificada por el demandado, pero no tiene características de permanencia; (3) cuando los aspectos de la controversia aparentan ser académicos, pero no lo son

porque persisten consecuencias colaterales; y (4) cuando el tribunal ha certificado un pleito como uno de clase y la controversia se tornó académica para un miembro de la clase, pero no así para el representante de la misma. *Noriega v. Hernández Colón*, 135 DPR 406, 438-439 (1995). Si no están presentes algunas de las aludidas exclusiones y, en efecto, no existe una controversia vigente entre las partes adversas, los tribunales tenemos el deber de desestimar un pleito académico bajo el fundamento de la academicidad. *Moreno v. Pres. U.P.R. II*, 178 DPR 969, 974(2010). No albergamos discreción para negarnos a hacerlo, pues la norma que impera en nuestra jurisdicción es que **una vez un tribunal determina que un caso es académico debe abstenerse de considerarlo en sus méritos**. *San Antonio Maritine v. P.R. Cement Co.*, 153 DPR 374, 387 (2001).

**III**

Tal y como dilucidamos en los hechos del caso que nos ocupa, el Sr. Rodríguez León acude ante nosotros solicitando la revocación de la determinación de COSSEC que declaró sin lugar su *Querella*. En esta había solicitado como remedio una orden de cese y desista de la decisión de la Junta de Directores de declarar vacante su puesto. Dicho puesto sería ostentado por el recurrente por un término de tres (3) años, entiéndase, hasta el 12 de diciembre de 2024. Es decir que, a la fecha de hoy, el recurrente no tendría derecho a ocupar el puesto de Director aún si hubiese cumplimentado las horas de capacitación y estas fueran certificadas por COSSEC dentro del periodo exigido por ley. La continuación de su cargo solo sería posible mediante reelección a través de la celebración de una Asamblea General. A raíz de lo anterior, nos hallamos ante una controversia que se ha tornado académica, en la cual este tribunal no puede dictar un remedio que tenga efectos prácticos sobre las partes. A la luz de que no se cumple con ninguna de las excepciones de la doctrina de academicidad, carecemos de jurisdicción para atender el recurso, por lo que corresponde su desestimación.

**IV**

Por lo anteriormente expuesto, se desestima el recurso del epígrafe por falta de jurisdicción por académico.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Aldebol Mora disiente sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones